**O. J. SCHWABE, Libelant,**

v.

**THE M/V BIRNEY R, her engines, tackle, apparel, furniture, etc., and Henry A. Billiot and Gilbert A. Reine, Respondents.**

No. 3978.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 25, 1961.

———◆———

Phelps, Dunbar, Marks, Claverie & Sims, John Poitevent, New Orleans, La., for libelant.

Lemle & Kelleher, George B. Matthews, George A. Frilot, III, Charles E. Lugenbuhl, Newton Buckner Barkley, Jr., New Orleans, La., for respondents.

J. SKELLY WRIGHT, District Judge.

This collision between the tows of the M/V Birney R [1] and the tug Katherine H [2] occurred in the Mississippi River about 150 feet off the west bank, somewhere between Algiers Point and the new Mississippi River bridge. Both vessels admit operating in a fog without a lookout on the head of the tow. Yet each says the other is wholly at fault. The case, of course, is obviously one of mutual fault and divided damages.

---

1. The M/V Birney R is a steel-hulled tug with a flat bow. She is 49.6 feet in length, 14.6 feet in breath, and draws about 4 feet. She is powered by a 200-horsepower diesel engine and is pilothouse controlled.

2. The tug Katherine H is a steel-hulled tug with a model bow. She is 50.8 feet in length, 13.2 feet in breadth, and draws about 3 feet. She is powered by a 135-horsepower diesel engine and is pilothouse controlled.

At approximately 7:30 on the morning of March 7, 1958, the M/V Birney R and her tow, en route from the West Pearl River to the Harvey Canal, locked through the Industrial Canal at New Orleans and proceeded out into the Mississippi River. The Birney R's tow consisted of two small deck barges loaded with sand and gravel, made up in tandem for pushing. The total length of the tow was approximately 200 feet.

█ Following the custom of vessels navigating upriver from the Industrial Canal, the Birney R angled across the river and proceeded up, holding the west bank approximately 150 feet off. In this posture, the flotilla came under Algiers Point, where it encountered fog. After stopping along the west bank for a few minutes waiting for the fog to lift, the Birney R proceeded out into the river, again holding the west bank instead of proceeding over to the east side to shape her course for Gouldsboro Bend, the point of which would be coming up on her starboard hand.[3] While holding the west bank, her captain testified, he encountered more fog, sounded the required fog signals, and eventually brought the head of his tow into collision[4] with the head of the tow of the downbound Katherine H.

While the Birney R was locking her tow through the Industrial Canal on the morning of March 7, 1958, the Katherine H, pushing the barge NBC–500,[5] navigated the Harvey locks, entered the Mississipi River and headed down, holding the west bank about 150 to 200 feet off.

On reaching the new Mississippi River bridge, fog was encountered. The captain, having breakfast at the time, was notified and, after finishing breakfast, took the wheel. By this time fog had enveloped the tow of the Katherine H so that its head was not visible from the wheelhouse of the tug. The captain of the Katherine H testified, of course, that he was sounding the required fog signals[6] and that, while looking to put in out of the fog at Coyle's Landing, he collided with the tow of the Birney R.

The crew of each flotilla was composed of a captain and two deck hands. Yet, although the flotillas were navigating in fog, neither captain took the precaution of having a lookout on the bow to see and hear what could not have been seen from the pilothouse because of the fog nor heard there because of engine noise. Neither vessel admits hearing anything but her own signals. The Katherine H admits being in collision without being able to see what her tow struck, while the Birney R saw the tow of the Katherine H too late to avoid collision. It appears that the two deck hands of the Birney R at the time of the collision were busy washing down the deckhouse, while one deck hand of the Katherine H was in the pilothouse and the other was unaccounted for.

█ Whatever quibbles there may be as to when a lookout should be placed on the head of a tow,[7] all agree that in fog such precaution is required.[8] This is so, not only to advance the eyes of the navigator, but to sharpen his ears. Tugs,

3. The judicially recognized custom requires vessels upbound in the Mississippi River to come up under the points and downbound vessels to run the bends. The Norne, 5 Cir., 59 F.2d 145, 1932 A.M.C. 1598; Crowell & Thurlow S.S. Co. v. Texas Co. (The Stephen R. Jones), 5 Cir., 27 F.2d 208, 1928 A.M.C. 1387; Koch-Ellis Marine Contractors, Inc. v. Capetan Dimitris, D.C.E.D.La., 176 F. Supp. 645, 1959 A.M.C. 2288.

4. The current in the river at the time was estimated at 1½ MPH. Both vessels were proceeding very slowly and both say they reversed engines about collision time.

5. The barge NBC–500 is a steel-hulled tank barge, 110 feet in length, 28 feet in breadth, and 7 feet in depth. On March 7, 1958, she was partially loaded with petroleum products and drawing about 4 feet.

6. One long and two short blasts for vessel pushing tow. 33 U.S.C.A. § 191(e), 33 C.F.R. § 80.12(b).

7. Compare Parker Bros. & Co. v. DeForest, 5 Cir., 221 F.2d 377; Smith v. Bacon, 5 Cir., 194 F.2d 203; G. B. Zigler Co. v. Barker Barge Line, 5 Cir., 167 F.2d 676.

8. See Griffin on Collision, § 104 and cases there cited.

unfortunately, are often gifted with feeble whistles which adversary tugs often cannot hear over the sound of their own engines.

Both vessels were at fault also for navigating the west bank of the river. As stated, the Birney R, having come up under Algiers Point, if the weather permitted, as she indicates it did, should have shaped her course for the point at Gouldsboro Bend, coming up on the east side. Likewise, weather permitting, the downbound Katherine H should have been shaping her course also for the east side, for the bend at Algiers Point.[9] The collision occurred because both flotillas were where they should not have been, in addition, of course, to navigating in a fog.

Both to blame.